IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TRUSTEES OF THE HEAT AND FROST INSULATORS LOCAL NO. 37 RETIREMENT PLAN<br><br>Plaintiffs,<br><br>-vs-<br><br>ACE BUILDING SYSTEMS, INC | CASE NO. 3:19-cv-191 |

## COMPLAINT

1. Plaintiffs, the Trustees of the Heat and Frost Insulators Local No. 37 Retirement Plan, are trustees of a multiemployer benefit plan. Defendant ACE Building Systems, Inc. is an employer that is obligated to make contributions to the Plan based upon a contractually agreed rate so that Defendant's employees may participate in and receive employee benefits of the Plan. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Plan for the purpose of collecting contributions and other amounts owed to Plaintiffs.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make contributions in accordance with the terms and conditions of an employee benefit plan. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) because the breaches giving rise to this action occurred within the jurisdiction of the U.S. District Court, Southern District of Indiana.

## PARTIES

4. Plaintiffs are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186 (c)(5), and administered through Trust Agreement. The Plan is a multiemployer benefit plan within the meaning of ERISA § 3(1)(37), 29 U.S.C. §§ 1002(1). Plaintiffs bring this action on behalf of participants and beneficiaries of the Plan.

5. Defendant ACE Building Systems, Inc. is a Kentucky corporation. At all relevant times, Defendant was an employer as defined by 29 U.S.C. §§ 152(2) and 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. §§ 1002(11) and 1002(12).

## COMMON FACTS

6. At all relevant times, Defendant was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA"). The terms of the CBA require Defendant to make contributions to the Plan, along with contributions to other employee benefit funds, based upon the number of hours worked by Defendant's employees. A true and accurate copy of the CBA is attached hereto as **Exhibit A**.

7. In addition to requiring contributions to the Plan, the CBA binds Defendant to the terms of the Plan's Trust Agreement. A true and accurate copy of the Plan's Trust Agreement is attached as **Exhibit B**.

8. The Plan's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. It also authorizes Plaintiffs to adopt written policies, rules, or

regulations. Consistent with this authority, Plaintiffs have adopted Employer Contribution, Delinquency and Audit Guidelines and Procedures. A true and accurate copy of the Plan's Delinquency Procedures is attached as **Exhibit C**.

9. Pursuant to the terms of the CBA, Trust Agreement, and Delinquency Procedures, Defendant is required to make monthly contributions to the Plan on behalf of each of its employees in an amount and under the terms set forth in the agreements and policy. Defendant must submit all monthly reports and contributions on or before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the due date, they are delinquent and subject to liquidated damages of 2% of the contributions amount due, as well as $50.00 if payment in full is not received within 10 days (15 days past due date) of the date of the notice of delinquency. Additional liquidated damage charges will be assessed in the amount of $100.00 plus 2% of any amount due which is not paid by the end of an additional 10 days (25 days past due date) period. An additional liquidated damages charge will be assessed in the amount of $100.00 per month, plus 4% of the amount due, for amounts continuing to be due one month after the date of the prior liquidated damages charge, and for each month, or partial month, thereafter. In the event of legal action, employers are responsible for attorney fees.

**COUNT I**
**(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)**

10. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

11. Defendant has failed to report hours worked by covered employees for the work months February 2019 through the present, as required by the CBA, Trust Agreements, and Delinquency Procedures.

12. Defendant has failed or otherwise neglected to remit contribution payments for the work months February 2019 through the present, as required by the CBA, Trust Agreements, and Delinquency Procedures.

13. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT II
### (LMRA § 301, 29 U.S.C. § 185—Breach of Contract and Failure to Pay Liquidated Damages and Interest)

14. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

15. Defendant has failed to report hours worked by covered employees for the work months February 2019 through the present, as required by the CBA, Trust Agreements, and Delinquency Procedures.

16. Defendant has failed or otherwise neglected to remit contribution payments for the work months February 2019 through the present, as required by the CBA, Trust Agreements, and Delinquency Procedures.

17. Defendant's actions are in violation of the CBA, Trust Agreement, and Delinquency Procedures, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III

### (ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Liquidated Damages)

18. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

19. Defendant has failed to make timely contribution payments for one or more work months from January 2019 through the present, thereby rendering the contributions delinquent. As

a result, Defendant is liable for liquidated damages and interest on all delinquent contributions from their respective due dates until paid in full.

20. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT IV
(LMRA Section 301, 29 U.SC. Section 185 – Breach of Contract)
(Failure to Pay Liquidated Damages)

21. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

22. Defendant has failed to make timely contribution payments for one or more work months from January 2019 through the present, thereby rendering the contributions delinquent. As a result, Defendant is liable for liquidated damages and interest on all delinquent contributions from their respective due dates until paid in full.

23. Defendant's actions are in violation of the CBA, Trust Agreement, and Delinquency Procedures, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V
**ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)—Order Compelling Payroll Audit**

24. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

25. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, liquidated damages and interest.

26. Defendant's refusal to properly monthly contributions and reports and/or submit to a payroll audit is in violation of the CBA, Trust Agreement, and Delinquency Procedures, and,

therefore, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief:

A. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions for February 2019 through the present;

B. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions from the date of this lawsuit forward, including unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

C. Judgment on behalf of Plaintiffs and against Defendant for liquidated damages in accordance with the terms of the CBA, Trust Agreement, Delinquency Procedures, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

D. Judgment against Defendant requiring Defendant to submit to a complete payroll audit to determine the amounts due and owing to Plaintiffs;

E. Judgment on behalf of Plaintiffs and against Defendant for all contributions found to be owed via payroll audit;

F. Judgment on behalf of Plaintiffs and against Defendant requiring payment of liquidated damages and interest on amounts found to be delinquent via payroll audit;

G. An award of reasonable attorney fees and costs incurred in connection with the collection of the unpaid amounts under the Collection Policy and ERISA 502(g), 29 U.S.C. § 1332(g)(1); and

H. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARISI LLC


/s/ Paul E. Stoehr
Paul E. Stoehr (OH #0096213)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com
*Attorneys for Plaintiffs*